UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:<br><br>STEVEN LLOYD,<br><br>    Debtor,<br><br>ANNE J. WHITE, Chapter 7 Trustee<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL T. GAFFNEY,<br><br>    Defendant. | Civil Action No. 18-cv-11881<br>Adv. Pro. No. 18-04027 |

MEMORANDUM AND ORDER

December 12, 2018

TALWANI, D.J.

Before the court is Defendant Michael T. Gaffney's Motion to Withdraw Reference of Adversary Action from the Bankruptcy Court to the United States District Court for the District of Massachusetts [#1]. Defendant asserts that the Adversary Proceeding, Anne J. White, Chapter 7 Trustee v. Michael T. Gaffney, Adv. Pro. No. 18-4027, filed in the United States Bankruptcy Court for the District of Massachusetts by Plaintiff, the duly appointed chapter 7 trustee in Debtor Steven Lloyd's bankruptcy proceeding, is a non-core proceeding, and that the district court should therefore adjudicate the dispute. For the following reasons, Defendant's motion is DENIED.

Pursuant to 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases

under title 11 [of the United States Code] and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The District of Massachusetts has made such reference of all such cases identified in section 157(a). L.R., D. Mass. 201. Section 157(b) establishes that bankruptcy judges may hear all "core proceedings arising under title 11," including but not limited to "matters concerning the administration of the [bankruptcy] estate," "proceedings to determine, avoid, or recover fraudulent conveyances," and "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(1), (2)(A), (2)(H), and (2)(K). Bankruptcy judges may further hear non-core proceedings that are "related to a case under title 11." Id. § 157(c)(1).

A non-core proceeding is "related to" a bankruptcy case if it may "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991) (quoting In re Smith, 866 F.2d 576, 580 (3d Cir. 1989)), overruled on other grounds by Connecticut Nat'l Bank v. Germain, 503 U.S. 249 (1992). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Id. (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

In the Adversary Proceeding at issue, Plaintiff alleges that, within one year prior to Debtor filing a voluntary petition for relief under chapter 7 of title 11, Defendant advised Debtor to fraudulently transfer, without consideration, a parcel of land that Debtor owned to a real estate trust, of which Debtor's son, daughter, and son-in-law are the beneficiaries, to shield it from creditors. Adv. Pro. No. 18-4027 docket no. 1, ¶¶ 9- 27. Plaintiff asserts claims for breach of contract, legal malpractice, breach of fiduciary duty, breach of the implied covenant of good

faith and fair dealing, fraud, and unfair and deceptive practices, id. ¶¶ 33–60, 71–78, and seeks to recover damages back to the Debtor, and thereby Debtor's estate in bankruptcy, id. ¶ 69–70, 78.

Defendant asserts that the court should withdraw reference because all of Plaintiff's claims are non-core claims. Def.'s Mot. to Withdraw ¶¶1-8 [#1]. However, assuming without deciding that Plaintiff's claims are non-core, Defendant has failed to present any grounds that either mandate withdrawal or justify discretionary withdrawal.

Withdrawal of reference from the bankruptcy court is governed by 28 U.S.C. § 157(d), which states that the district court may withdraw a case referred to the bankruptcy court "for cause shown." 28 U.S.C. § 157(d). Moreover, "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other *laws of the United States* regulating organizations or activities affecting interstate commerce." Id. (emphasis added).

Defendant is an attorney licensed to practice in Massachusetts, and Plaintiff's other claims arise out of alleged violations of Massachusetts state law. Accordingly, Massachusetts law applies. See, e.g., Bezanson v. Thomas (In re R&R Assocs. of Hampton), 402 F.3d 257, 265 (1st Cir. 2018) (applying New Hampshire law); Wheeler v. Magdovitz (In re Wheeler) 137 F.3d 299, 300-01 (5th Cir. 1998) (per curium) (applying Mississippi law). As resolution of the proceedings does not require consideration of the laws of the United States, withdrawal of reference is not mandatory.

Further, Defendant provides no cause for discretionary withdrawal of reference other than simply asserting that the claims are non-core. But, as previously noted, "a bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). Here, the outcome of the pre-petition legal malpractice case "could

conceivably have an[] effect on the estate being administered in bankruptcy," and therefore may be heard by the bankruptcy court. In re G.S.F. Corp., 938 F.2d at 1475; see, e.g., In re Riccitelli, 320 B.R. 483 (Bankr. D. Mass. 2005) (analyzing whether attorney's prepetition legal advice was an asset of the bankruptcy estate).

Moreover, the Debtor's bankruptcy petition and the companion Adversary Proceeding pertaining to the allegedly fraudulent property transfer, Anne J. White, Chapter 7 Trustee v. Emily R. Orrison, as Trustee of Lloyds Crosswind Realty Trust, Adv. Pr. No. 18-4026, are both proceeding before the bankruptcy court. The bankruptcy court is, and further will be, familiar with the particulars of the underlying bankruptcy petition and the purportedly fraudulent transfer of property at issue in this legal malpractice case. That the factual issues involved in those matters are closely intertwined with the allegations in this case counsels in favor of denying withdrawal. Cf. DeGiacomo v. Green (In re Inofin, Inc.), 488 B.R. 259, 261 (D. Mass. 2013). Thus, the court declines to withdraw the reference.

In accordance with the foregoing, Defendant's Motion to Withdraw Reference of Adversary Action from the Bankruptcy Court to the United States District Court for the District of Massachusetts [#1] is DENIED. This Adversary Proceeding shall proceed before the bankruptcy court.

IT IS SO ORDERED.

Date: December 12, 2018 /s/ Indira Talwani
United States District Judge